

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John D. Reed, Commissioner
Bureau of Labor Statistics
Austin, Texas

Dear Sir:

Opinion No. 0-4843
Re: Whether Executive Order No.
9240, issued by the Presi-
dent of the United States
regulating over time pay con-
flicts with and/or supersedes
Article 5172, R.C.S.

Your recent communication addressed to the Attorney
General of Texas reads in part as follows:

"Articles 5168 through 5172, R.C.S., common-
ly referred to as our Nine, Fifty-Four Hour Law,
prescribes the maximum number of hours female em-
ployees can be employed in this State with cer-
tain exceptions. In Article 5172, R.C.S., it is
provided 'In case of extraordinary emergencies,
such as great public calamities, or where it be-
comes necessary for the protection of human life
or property, longer hours may be worked, but for
such time not less than double time shall be paid
such female with her consent.'

". . . .

". . . However, on October 1, 1942, Execu-
tive Order No. 9240 was issued by the President
of the United States regulating overtime pay com-
pensation. This Executive Order in Section 4
provides 'Nothing herein shall be construed as
superseding or in conflict with the provisions
of statutes prescribing the compensation, hours
of work, and other conditions of employment of
employees of the United States.'

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Will you please consider this Executive Order and advise me whether or not this conflicts with our Article 5172, R.C.S., and if so, does said Executive Order No. 9240 supersede and take precedence over our State statute?"

Executive Order No. 9240 reads in part as follows:

"I.    That the following principles and regulations shall apply for the duration of the war to the payment of premium and overtime wage compensation on all work relating to the prosecution of the war:

"A.    No premium wage or extra compensation shall be paid to any employee in the United States, its territories or possessions, for work on Saturday or Sunday except where such work is performed by the employee on the sixth or seventh day worked in his regularly scheduled workweek and as hereinafter provided.

"(1) Where because of emergency conditions an employee is required to work for seven consecutive days in any regularly scheduled workweek a premium wage of double time compensation shall be paid for work on the seventh day.

"(2) Where required by the provisions of law or employment contracts, not more than time and one-half wage compensation shall be paid for work in excess of eight hours in any day or forty hours in any workweek or for work performed on the sixth day worked in any regularly scheduled workweek."

The exception in said Executive Order quoted in your letter applies only to "employees of the United States" whose wages and hours of service are specifically regulated by statute. The exception does not apply to one not an employee of the United States Government.

Article 5168, R. C. S. of Texas, reads as follows:

"No female shall be employed in any factory, mine, mill, workshop, mechanical or mercantile establishment, hotel, restaurant, rooming house, theater, moving picture show, barber shop, telegraph, telephone or other office, express or transportation company, or any State institution, or any other establishment, institution or enterprise where females are employed, for more than nine hours in any one calendar day, nor more than fifty-four hours in any one calendar week."

Then follows the exception in Article 5172, R. C. S. of Texas:

". . . In cases of extraordinary emergencies such as great public calamities, or where it becomes necessary for the protection of human life or property, longer hours may be worked, but for, such time not less than double time shall be paid such female with her consent."

The effect of the Texas statutes is to prohibit a female employee from working more than nine hours in any twenty-four hour period and not more than fifty-four hours in any one week except in cases of "extraordinary emergencies" in which event longer hours may be worked but for such extra time "not less than double time shall be paid such female with her consent."

After careful reading of subsection (1) of Section A, paragraph I, of the Executive Order it is clear that said subsection does not conflict with any provision of the Texas statute here under consideration. Under both the Executive Order and the Texas statutes, where, because of an emergency, the employee works more than six days in any work week, such employee shall receive a premium wage of double time compensation for work done on the seventh day.

In the United States Supreme Court case of Erie Railroad v. New York, 233 U. S. 671, 58 L. Ed. 1149, 34 S. Ct. 756 (1914), the rule is stated thus:

"Indeed, when Congress acts in such a way as to manifest its purpose to exercise its constitutional authority, the regulative power of the State ceases to exist."

In order to aid in the effective prosecution of the war, Congress has authorized the President to issue Executive Orders stabilizing prices, wages and salaries. Acting under authority granted to him, the President has issued his Executive Order No. 9240. The Executive Order is concerned only with the payment of over-time or premium wages in "work relating to the prosecution of the war."

When therefore the question of over-time pay arises as to "work relating to the prosecution of the war" the Executive Order will control. It is only in this connection that the State statute is superseded. When the work is not related to the prosecution of the war Executive Order No. 9240 has no application.

Executive Order No. 9240 further provides:

"B.   No premium wage or extra compensation shall be paid for work on customary holidays except that time and one-half wage compensation shall be paid for work performed on any of the following holidays only:

    New Year's Day
    Fourth of July
    Labor Day
    Thanksgiving Day
    Christmas Day

and either Memorial Day or one other such holiday of greater local importance."

The above quoted section is not in conflict with any Texas statutes but merely provides extra compensation for "work relating to the prosecution of the war" when performed on the specified holidays.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By E. B. Pharr

E. G. Pharr
Assistant

EGP:db

APPROVED NOV 23, 1942

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

